LLOYD WADE

*v.*

OREL J. SKEEN, *Warden,* WEST VIRGINIA PENITENTIARY

(No. 10699)

Submitted January 25, 1955. Decided March 1, 1955.

*John G. Fox,* Attorney General, *Harold A. Bangert, Jr.,* Assistant Attorney General, for plaintiff in error.

No appearance for defendant in error.

LOVINS, PRESIDENT:

On January 13, 1944, defendant in error, Lloyd Wade, in the Circuit Court of Taylor County, entered a plea of guilty to an indictment charging that he and one Robert Meadows, on the ___ day of September, 1943, "did, in the night-time of the said day, unlawfully, feloniously and burglariously enter, without breaking, a certain garage, the same being an outhouse belonging to Howard R. Lewis, the said garage not then and there being a dwelling house, but then and there being an outhouse adjoining the dwelling house of Howard R. Lewis * * *". The circuit court, on February 24, 1944, sentenced Wade, and also Meadows, who had also entered a plea of guilty to the indictment, to the state penitentiary "for a period of not less than one (1) nor more than fifteen (15) years * * *".

On March 20, 1954, Wade filed in the Circuit Court of Marshall County, the county wherein the state penitentiary is situated, his petition praying for a writ of habeas corpus *ad subjiciendum,* directed against the warden of the state penitentiary. After the hearing upon the writ

granted pursuant to the prayer of the petition, the Circuit Court of Marshall County, on June 8, 1954, ordered the release of Wade from further custody. This Court granted a writ of error to that order.

At the time of the commission of the offense for which Wade was sentenced to the penitentiary, he was an escapee from the West Virginia Industrial School for Boys, having escaped from that institution several times previously and apparently having committed other offenses while an escapee. The trial judge of the circuit court, who sentenced Wade to the penitentiary, was deceased at the time of the taking of testimony in the habeas corpus proceeding. There appears to be no question, however, that the trial judge knew, before accepting the plea of guilty of Wade, that Wade was under eighteen years of age at the time of the commission of the offense. The Circuit Court of Taylor County is the only court in that county exercising juvenile jurisdiction. There is no record of any certification or transfer of the criminal case from the circuit court, as such, to that court as a juvenile court. Wade now contends that the failure to so certify or transfer the case constituted such a violation of Code, 49-5-3, as to effect an ouster of jurisdiction of the circuit court and render void the order sentencing him to the state penitentiary.

We think the question was answered in *State ex rel. Hinkle* v. *Skeen, Warden,* 138 W. Va. 116, 75 S. E. 2d 223. There it was held: "3. The exclusive jurisdiction granted to juvenile courts by Code, 49-5-3, as amended, dealing with trials of persons under eighteen years of age, charged with having committed criminal offenses, relates only to trials of such persons as to charges of juvenile delinquency, not to trials and punishment for criminal offenses." The applicable statute is quoted and discussed in the opinion in the *Hinkle* case, and no useful purpose would be served by a further discussion thereof here.

The only other question arising upon the record relates to Wade's contention that he was denied due process of law, in that he was not afforded benefit of counsel by the

trial court, a right guaranteed to him by Sections 10 and 14 of Article III of the Constitution of West Virginia, and the Fifth and Fourteenth Amendments to the Federal Constitution. At the hearing upon the petition in the habeas corpus proceeding before the circuit court, Wade and Meadows testified to the effect that they were not represented by counsel in the criminal proceeding; that they were not offered counsel or advised of their right to have counsel; that they at no time refused counsel and that at the time of entry of the guilty pleas they believed that the indictment to which they entered pleas charged them with the crime of grand larceny, not the crime of burglary. Neither of them testified, however, that they requested the assistance of counsel. No other witness was called on behalf of Wade. Francis L. Warder, prosecuting attorney of Taylor County at the time of the prosecution of the criminal charges against Wade and Meadows, and later judge of the circuit court of that county, testifying at the instance of respondent, makes it clear, we think, that the indictment was read to Wade before the acceptance of the plea of guilty, and that it was the invariable practice, as applied to minors, of the trial judge who accepted the plea to advise defendants appearing without counsel of their right to have counsel. The order entered on the 13th of January, 1944, accepting and recording the plea, and the order entered on the 24th day of February, 1944, sentencing Wade, do not specifically mention counsel, or waiver of counsel by Wade. The order accepting the plea of Wade does say that he was "duly arraigned upon the indictment herein * * *".

The constitutional right of the defendant in a criminal case to be represented by counsel has been considered by this Court on numerous occasions. The right guaranteed is not a requirement that every defendant in a criminal case be represented by counsel. It is the right of a defendant to call for or demand counsel and to have counsel act pursuant to the call or demand, whether the demand is made before or after the entry of a plea. That defendant may waive the right is made clear by decisions of this

Court, as well as other courts, including the Supreme Court of the United States. See *Hinkle* v. *Skeen, supra.* It has, of course, been made clear also that such a waiver must be intelligently made, but an intelligent waiver does not imply that a defendant must have precise, or even average, knowledge of every legal or factual question that may arise in the case. He must, however, have sufficient intellect and knowledge to understand and appreciate the consequences of his act of waiver. Usually, at least, where a plea of guilty is voluntarily and intelligently made, a waiver of counsel by a defendant will result. See *Robinson* v. *Smyth, Superintendent,* 190 Va. 724, 58 S. E. 2d 4; *Betts* v. *Brady, Warden,* 316 U. S. 455, 86 L. ed. 1595, 62 S. Ct. 1252.

In *State* v. *Kellison,* 56 W. Va. 690, 47 S. E. 166, the point was discussed in this language: "* * * Nothing in this record indicates that he asked for the assistance of counsel, or that he was denied it, or that he did not have it. The Constitution does not make assistance of counsel a prerequisite to conviction as it does a trial by jury. The clause contains no prohibitory language. It only says he shall have the assistance of counsel. The common law did not permit persons charged with felony to have the advice and assistance of counsel, and this clause of section 14 of article 3 of the Constitution was inserted to cure the shameful defect of the common law in this respect by guaranteeing said right to such persons. Cooley's Cons. Lim. 474. Even if said clause makes it the duty of the State to furnish counsel when demanded, it does not follow that such action is to be taken unless demand therefor has been made, nor that the silence of the record on the subject raises a presumption of the denial of the privilege * * *".

In *State* v. *Briggs,* 58 W. Va. 291, 52 S. E. 218, the Court observed: "* * * The right is such as can be waived, and the silence of the accused, and his failure to request the assistance of counsel, is a waiver of such constitutional guaranty * * *". In *State* v. *Yoes,* 67 W. Va. 546, 68 S. E. 181, 140 Am. St. Rep. 978, this Court held: "2. The clause of section 14 of Article III of the Constitution, providing

that, in the trial of criminal cases, the accused 'shall have the assistance of counsel,' is permissive and conditional upon the pleasure of the accused, in its application to the conduct of the trial; and, to make a conviction valid, the record need not affirmatively show the prisoner had the assistance of counsel." See *State* v. *Lattimar*, 90 W. Va. 559, 111 S. E. 510; *Bute* v. *Illinois*, 333 U. S. 640, 92 L. ed. 986, 68 S. Ct. 763; *Mitchell* v. *Youell*, 130 Fed. 2d 880 (4th C.C.A.); *Cooke* v. *Swope, Warden*, 28 Fed. Supp. 492.

Wade relies, to some extent, at least, on the case of *State* v. *Goins*, 120 W. Va. 605, 199 S. E. 873. We think the holding in that case not contrary to the principles announced in the cases cited above. True, the Court, in the *Goins* case, pointed out that counsel for the defendant was not appointed until after the entry of the defendant's plea of guilty, but the facts establishing the necessity for the appointment do not appear and, clearly, the case was reversed on other grounds. Wade also relies upon *McDorman* v. *Smyth*, 188 Va. 474, 50 S. E. 2d 423, to support his contention that he was incapable of intelligently waiving his right to have counsel represent him. In the *McDorman* case, the Court found that defendant had "sustained the burden of proof that for want of assistance of counsel 'an ingredient of unfairness actively operated in the process that resulted in his confinement.' The special circumstances recited disclosed that petitioner was not accorded the rights to which he was entitled * * *". The facts on which the findings were based were stated by the Court in this language: "Here, according to the record, the petitioner, an ignorant youth eighteen years old, was given no aid by the trial judge before his plea of guilty was accepted, nor was he advised as to the consequences of the plea. Unaided by counsel, he was faced by an indictment under which, dependent upon the evidence, he might have been convicted of breaking and entering a railroad box car with intent to steal, or of grand larceny, or of petit larceny, or of receiving stolen property with knowledge that it had been stolen. He was incapable of apprehending the range of statutory offenses included in the indictment, the range of allowable punishments there-

under, possible defenses to the charges, and circumstances in mitigation thereof, and of making a free and intelligent decision in respect to his plea. Nor was he capable of raising the question whether on account of his age, he was being tried by the proper court * * *".

We are of the view that the facts in the instant case are not the equivalent of the facts in the McDorman case. The facts in the instant case do not establish that the failure of Wade to request assistance of counsel resulted from any lack of intelligence or understanding, or that the plea of guilty was not intelligently made. It is true that Wade at the time was only seventeen years of age. There is nothing in the record, however, to indicate that he lacked average intelligence or that he was ignorant or illiterate. We think it satisfactorily established by the record that he was advised of his rights regarding counsel, and that the indictment clearly charging burglary in the night-time was read to him. The indictment charged only the one crime, not several crimes, as in the McDorman case, and, as made clear in the Hinkle case, no choice of courts was available to him.

While it is true that courts should always act with caution where minors are prosecuted for criminal offenses, it is also true that final judgments of courts should be respected and, even in habeas corpus proceedings, should be upheld unless it clearly appears that the defendant has been denied some right guaranteed to him by law. A habeas corpus proceeding is not available to a defendant as a substitute for writ of error. State ex rel. Lovejoy v. Skeen, 138 W. Va. 901, 78 S. E. 2d 456; State ex rel. Vascovich v. Skeen, 138 W. Va. 417, 76 S. E. 2d 283; State ex rel. Medley v. Skeen, 138 W. Va. 409, 76 S. E. 2d 146.

The judgment of the Circuit Court of Marshall County is reversed, and the case is remanded to that court with directions to discharge the writ awarded by that court and to remand the prisoner to custody of the warden of the West Virginia State penitentiary.

Reversed;
remanded with directions.