UNITED STATES of America ex rel. James E. FITCH, Petitioner,

v.

Donivon E. ADAMS, Warden, West Virginia Penitentiary, Respondent.

No. 883-W.

United States District Court
N. D. West Virginia,
Wheeling Division.

Aug. 5, 1958.

Neither petitioner nor respondent appeared by counsel.

BOREMAN, District Judge.

Petitioner was convicted of a felony and sentenced by the Circuit Court of Kanawha County, West Virginia, on August 12, 1949, to a term of five years in the State Penitentiary. From this confinement petitioner escaped and subsequently was indicted in the Circuit Court of Randolph County, West Virginia, for feloniously stealing an automobile and for unlawfully and feloniously escaping from a prison guard. On May 17, 1950, petitioner entered pleas of guilty to both charges and was thereupon sentenced to a term of one to ten years on the automobile theft charge and to a term of fifteen months on the escape charge, the sentences to run concurrently and to begin at the end of the term to which petitioner had previously been sentenced. The petition alleges that at the trial in Randolph County, West Virginia, the petitioner, being an indigent person, was unable to employ counsel; that the Court did not appoint counsel for him and did not inform him that he had a right to Court-appointed counsel if he so desired.

Petitioner prays for a writ of habeas corpus ad subjiciendum on the ground that the Circuit Court of Randolph County denied him due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, in failing to provide him with counsel, and that said Court was, therefore, without jurisdiction.

The history of the case discloses that this petitioner filed a petition for an original writ of habeas corpus in the Supreme Court of Appeals of the State of West Virginia, which court denied the writ without a hearing on October 21, 1957. He then applied for a writ of certiorari to the United States Supreme Court on November 21, 1957, certiorari being denied on March 3, 1958, Fitch v. Tucker, 355 U.S. 963, 78 S.Ct. 552, 2 L. Ed.2d 538.

The petitioner relies on a line of cases decided by the United States Supreme Court, citing Powell v. State of Alabama, 1932, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158; Brown v. State of Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 80 L. Ed. 682; Johnson v. Zerbst, 1938, 304 U.S. 458, 56 S.Ct. 1019, 82 L.Ed. 1461; and Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

█ The Powell case involved capital punishment and held, in effect, that it is the duty of the trial court, whether requested or not, in such a case, to assign counsel for the defendant as a necessary prerequisite of due process of law where the defendant is unable to employ counsel and is incapable of making adequate defense. The Brown case deals primarily with the introduction into evidence of confessions shown to have been extorted by officers of the state by brutality and violence, but the Court did say that the State may not deny to the accused the aid of counsel, citing the case of Powell v. Alabama. The celebrated case of Johnson v. Zerbst, supra, lays down the firm principle that when a criminal is tried in a Federal Court, the Sixth Amendment to the Constitution requires, in the absence of an intelligent waiver by the accused, that the court furnish the accused with the assistance of counsel for his defense. Petitioner relies heavily on the Glasser case, supra, in which the Court says, "Every reasonable presumption is indulged against a waiver of fundamental rights such as the right of the accused to have the full and untrammeled assistance of counsel in the trial of a criminal case". This case also deals with the rights of an accused in Federal Court and is based upon the Sixth Amendment to the United States Constitution.

█ It has been held that the Sixth Amendment to the United States Constitution pertains to the administration of criminal justice by federal authority. In Wolf v. People of State of Colorado, 1949, 338 U.S. 25, at page 26, 69 S.Ct. 1359, at page 1360, 93 L.Ed. 1782, the Court said: "Unlike the specific requirements and restrictions placed by the Bill of Rights (Amendments I to VIII) upon

the administration of criminal justice by federal authority, the Fourteenth Amendment did not subject criminal justice in the States to specific limitations. The notion that the 'due process of law' guaranteed by the Fourteenth Amendment is shorthand for the first eight amendments of the Constitution and thereby incorporates them has been rejected by this Court again and again, after impressive consideration. See, e. g. Hurtado v. People of State of California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L. Ed. 232; Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97; Brown v. State of Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682; Palko v. State of Connecticut, 302 U.S. 319, 58 S. Ct. 149, 82 L.Ed. 288." See, also, Irvine v. People of State of California, 1954, 347 U.S. 128, 74 S.Ct. 381, 98 L.Ed. 561, and Adamson v. People of State of California, 1947, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903. The rule or principle has become established that the due process clause of the Fourteenth Amendment formulates a concept less rigid and more fluid than that envisaged in the Sixth Amendment, and that due process does not demand in every criminal case, whatever the circumstances, that a state must furnish counsel to an indigent defendant. Betts v. Brady, 1942, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595. See, also, Note, 1943, 146 A.L.R. 369.

The Constitution of the State of West Virginia, Article III, § 14, provides that in trials of crimes and misdemeanors, the accused "shall have the assistance of counsel * * *". This provision is similar to that of the Sixth Amendment of the United States Constitution.

However, the Supreme Court of Appeals of West Virginia has consistently construed this provision of the West Virginia Constitution more liberally than the construction given to the Sixth Amendment of the United States Constitution by the United States Supreme Court. The case of Wade v. Skeen, 1955, 140 W.Va. 565, 85 S.E.2d 845, is quite similar to the case now under consideration, and there the Court said that the West Virginia constitutional right is the right of the accused to call for or demand counsel, and that the accused may waive that right. The Court in that case declared 140 W.Va. at page 569, 85 S.E.2d at page 847, in referring to waiver of the privilege, "It has, of course, been made clear also that such a waiver must be intelligently made, but an intelligent waiver does not imply that a defendant must have precise, or even average, knowledge of every legal or factual question that may arise in the case * * *. Usually, at least, where a plea of guilty is voluntarily and intelligently made, a waiver of counsel by a defendant will result." See, also, Robinson v. Smyth, 1950, 190 Va. 724, 58 S.E.2d 4. State v. Yoes, 1910, 67 W.Va. 546, 547, 68 S.E. 181, involves an assignment of error based upon the failure of the record to show that the prisoner was assisted by counsel. The Court said: "The right to have counsel is a mere privilege guaranteed by the Constitution. * * * No invasion of this guaranty is disclosed, therefore, unless a request for the assistance of counsel appears by the record to have been denied by the court." In an earlier West Virginia case which has never been overruled, distinguished or disapproved, Judge Sanders, in writing for the Court, stated that the right to counsel is such as can be waived, and the silence of the accused and his failure to request the assistance of counsel, is a waiver of such constitutional guaranty. State v. Briggs, 1905, 58 W.Va. 291, 52 S.E. 218.

■ This Court is aware of the strong language favoring a stricter rule in the case of Wood v. United States, D. C.1942, 128 F.2d 265, but that case is not binding here. There is undoubtedly some contrariety of decision among various jurisdictions and among the text writers, but this Court finds no constitutional right of this petitioner to have been violated. The failure of the Circuit Court of Randolph County to inform the petitioner of his right to demand counsel or to appoint counsel for him, however unfortunate, was not a denial of due proc-

ess of law under the Fourteenth Amendment, and was not a violation of the constitutional right to the appointment of counsel, either under the Sixth Amendment to the United States Constitution or Article III, § 14, of the Constitution of West Virginia. The writ of habeas corpus ad subjiciendum is denied without a hearing.

Ordered accordingly.