Paul Duval STROUTH, a/k/a Paul D.
Strouth and as Duval Strouth,
Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 12478.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1968.

Decided Nov. 27, 1968.

Benjamin F. Sutherland, Clintwood, Va. (Court-appointed counsel) for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen., of Virginia, on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The District Court dismissed this state prisoner's application for a writ of habeas corpus because of nonexhaustion of state remedies. In the special circumstances of the case we think that a further attempt to exhaust state remedies should be required.

In April 1966, the prisoner sought to attack, principally, a 1958 conviction. He alleged in his petition that he was then serving that sentence, contesting the state's listing of sentence service then showing him as serving a 1959 sentence. The 1958 sentence underlay a 1963 conviction as a recidivist, which, in passing only, was also attacked.

At the time the petition was filed in the state court there was no known available remedy in the federal courts to attack a conviction to be served in the future. *Coram vobis* was a limited available remedy in the state court, and it was

that writ that the prisoner sought. To the extent that the attack was directed against a sentence, or sentences to be served in the future, the choice was a rational one, but the petition alleged that he was then serving the 1958 sentence, the principal object of the attack.

Virginia's Supreme Court of Appeals reversed a dismissal of the petition, holding *coram vobis* inappropriate and remanding the case, with directions that the petition be treated as one for habeas corpus. It may be inferred that this remand would have been understood as requiring that the trial court proceed to a determination of the order of sentence service. At that juncture, however, the petition was filed in the district court and the state trial court was requested to continue all further proceedings in that court. This switch may have been influenced by the fact that, a few days before, this court had held federal habeas corpus available for an attack upon successive or consecutive sentences to be served in the future. Rowe v. Peyton, 4 Cir., 383 F.2d 709.

Meanwhile, after the filing of the petition in the district court, the General Assembly of Virginia amended its statute to permit present attacks upon successive or consecutive sentences.[1] While at the time of the filing of the initial petition in the state court, therefore, there was no remedy in the courts of the United States to question a sentence to be served in the future, this court's decision in Rowe v. Peyton, supra, when affirmed by the Supreme Court of the United States in May 1968, Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, and the amendment of Virginia's statute provided remedies in both state and federal courts to the extent that this prisoner's application calls in question sentences to be served in the future. Since the 1963 recidivist conviction is under attack, that inquiry would open to attack the underlying 1958 conviction even if that had then been fully served.[2]

If the petitioner were correct in his allegation in the state court that at the time of filing that petition he was then serving his 1958 sentence, he had a full and adequate, remedy in the state court which he might have then pursued by a petition for habeas corpus and which he could still pursue under the remand of Virginia's Supreme Court of Appeals and its direction that the petition be treated as one for habeas corpus. Since the order of sentence service has not been resolved, it was not clear at the time of the filing of the petition in the district court that there was not an adequate, available and unexhausted state remedy.

■ If the petitioner was wrong in his calculation of sentence service and the 1958 conviction was then fully served, so that it may be attacked only as an incident to the attack upon the 1963 recidivist conviction, then there was apparently no adequate, available remedy either in the state courts or in the courts of the United States at the time the petition was filed.[3] Subsequently, remedies to support such attacks have been made available in each of the judicial systems. If the availability of that rem-

1. Va.Code § 8–596(b) (3) (1968).

2. Smyth v. Midgett, 199 Va. 727, 101 S.E. 2d 575; McDorman v. Smyth, 188 Va. 474, 50 S.E.2d 423.

3. In Tucker v. Peyton, 4 Cir., 357 F.2d 115, we had held fully served sentences subject to attack by way of federal habeas corpus where advancement of the commencement date of subsequent sentences resulting from invalidation of those fully served would entitle petitioner to immediate release. In this case petitioner may well not have been entitled to immediate release upon invalidation of the 1958 conviction and the other convictions attacked in the petition. While the revocation of the suspension of a four year sentence imposed in 1955 resulted from the 1958 conviction, it appears that the uncontested 1959 convictions would also support such revocation thus preventing petitioner's immediate release upon invalidation of the contested convictions. Under these circumstances it is doubtful that a federal remedy was available to petitioner prior to Rowe v. Peyton.

edy in the district court may be dated from this court's decision in Rowe v. Peyton, rather than from the Supreme Court's decision in Peyton v. Rowe, the remedy was technically present at the time of the filing of the petition in the district court and not then available in the state courts. The doctrine requiring the exhaustion of state remedies is but a facet of the general principle of comity, however, and with respect to state prisoner complaints, it requires a general deference to the state courts. When new remedies are evolving substantially simultaneously in state and federal courts, the fact that by one measure the remedy may be said to have been available in the federal court but not in the state court at the time of the filing of the federal petition does not invariably require that the federal court proceed to evidentiary hearings without further regard to the fact that state remedies are in the process of undergoing comparable expansion.

At the present time, it is clear that to the extent that the petition seeks relief from sentences to be served in the future, the petitioner is entitled to a hearing in one court or the other. He has pending petitions in both the state court and the district court. There is nothing to indicate that he may not have as swift and as adequate a hearing in the state court as he may in the district court. The general rule of deference to the state courts favors proceedings there rather than initial determination in the federal courts.

Under those circumstances dismissal of the petition is reversed and the case remanded to the district court, with instructions to abstain for a reasonable period of time in order to afford the state court an opportunity to hear and determine the prisoner's claims. If relief is denied in the state courts, or if there is substantial delay in reaching the claims on their merits,[4] the district court should proceed to a hearing.

Reversed and remanded.

---

4. The petitioner also complains of delay in the state court proceedings. The cause of the delay, however, was uncertainty as to what, if any, remedies were available in the state court, and all of the delay occurred at a time when there well may have been no known remedy in the federal courts. Now that the availability of remedies in each of the judicial systems has been clarified, there is no reason to suppose that the pending proceedings in the state courts may not proceed to a prompt decision.