MARGARET McCARTHY *vs.* WALTHAM CO-OPERATIVE BANK
& others.

Middlesex.    December 1, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, & JENNEY, JJ.

*Equity Pleading and Practice,* Appeal, Jury issues.

Upon an appeal from a final decree dismissing a bill in equity brought against a co-operative bank, a purchaser of property which formerly had been owned by the plaintiff and which had been sold in foreclosure of a mortgage held by the bank, and the individuals who comprised the board of metropolitan park commissioners and who, as such board, after the foreclosure had taken a part of the premises by right of eminent domain and had paid the bank therefor, for redemption from the mortgage, for an accounting and for damages alleged to have been caused by a conspiracy among the defendants and by other alleged irregularities in pursuance thereof, where it appeared, both from specific and from general findings contained in a report, without a report of all the evidence, by a master to whom the suit was referred, that the plaintiff had failed to substantiate any of the material allegations set forth in his bill, the decree was affirmed.

It further was *held,* that the plaintiff in the suit above described had no constitutional right to have issues framed for a jury and that a denial of a motion for a framing of issues was not an abuse of discretion.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 1, 1917, and afterwards amended, against the Waltham Co-operative Bank, one George H. Strauch, and, as individuals, those who from October 1, 1897, to January 30, 1901, were members of the board of metropolitan park commissioners, for redemption from a mortgage foreclosed in 1898, and for damages alleged to have been caused by acts in furtherance of a conspiracy to deprive the plaintiff of the property foreclosed, for an alleged unlawful taking and for mental suffering alleged to have been

caused by such acts and leading to confinement in a State hospital for the insane.

The suit was referred to a master, who filed a report containing no report of all the evidence. The material findings of the master and exceptions by the plaintiff to the report are described in the opinion. The suit was heard upon the master's report and the plaintiff's exceptions thereto by *Crosby*, J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree dismissing the bill. The plaintiff appealed.

*Joseph J. McCarthy*, for the plaintiff.

*C. F. French*, for the defendant bank and for Strauch.

*G. E. Mears*, for the defendants Livermore.

*H. A. Wyman*, Attorney General, & *J. R. Benton*, Assistant Attorney General, for individuals composing the metropolitan park commissioners, adopted as their brief the brief of the other defendants.

DE COURCY, J. This bill in equity prays, among other things, for redemption from a mortgage that was foreclosed by the defendant bank in September, 1898; for an accounting; and for damages alleged to have been caused by a conspiracy between the defendants and by divers illegal acts done in pursuance thereof. The case was heard by a master, who made a comprehensive report. Subsequently decrees were entered, overruling exceptions by the plaintiff to the master's report, confirming the report, and dismissing the bill.

We shall not discuss in detail the plaintiff's voluminous exceptions to the master's report. They do not "briefly and clearly specify the matter excepted to, and the cause thereof," as required by Equity Rule 32. And in substance they consist mainly of arguments directed against the findings and based upon statements of alleged evidence that does not appear in the record. The report itself discloses the following material facts: On October 23, 1896, the plaintiff mortgaged to the defendant bank, for $3,800, a lot of land owned by her in Waltham. In November of 1897, being in arrears for dues, interest and taxes, she borrowed from the bank upon some property in Newton the sum of $800, to be applied on the mortgage in controversy. An entry to foreclose the mortgage was made June 1, 1898; a portion of the lot was lawfully

taken by the metropolitan park commission on June 22 (although the award of $500 was not paid to the bank until February, 1901); and there was a foreclosure sale of the remainder on September 20, 1898.

In October, 1900, the plaintiff brought an action against the defendant bank to recover damages for the alleged wrongful and fraudulent deprivation of her property. The basis of that action, as it is of the present suit, was the alleged illegal foreclosure of the mortgage for $3,800. It involved the question as to whether there had been any breach of the conditions in the mortgage; and incidentally an accounting as to the application of the $800. The case went to an auditor. Later there was a verdict for the defendant bank and judgment was entered thereon. A petition for review, subsequently filed by the plaintiff, was dismissed. In July, 1910, she brought another similar action; a demurrer thereto was sustained by the court; and finally judgment was entered for the defendant for costs.

The present suit covers substantially the same ground as the earlier ones; and it joins with the bank the metropolitan park commissioners and also one Strauch, who purchased the premises in 1905. So far as the commissioners are concerned, the master finds the plaintiff guilty of laches in proceeding against them for the first time almost twenty years after the taking. On the merits he finds that the commission acted in strict compliance with the laws governing the taking of private land by right of eminent domain; and that the "inexcusably reckless, unwarranted" allegations of conspiracy and illegal acts on the part of the commission or any of the individual members thereof, were unsupported by the evidence. He finds specifically that, although the name of the Waltham Co-operative Bank appears on the lot in question upon one of the plans (the blue print dated February 15, 1898), that entry was not made by anybody with an intention to injure the plaintiff, and could not affect any rights she might have to receive the damages which subsequently were awarded. See *Brock* v. *Old Colony Railroad*, 146 Mass. 194. In view of the complete failure of the plaintiff's case against the members of the park commission, it is unnecessary to consider the question of the survival of the action, raised by the defendants Livermore.

Even apart from the application of *res judicata*, the master's find-

ings in favor of the defendant bank are equally decisive. After specific conclusions which negative the charges of conspiracy, false entries and fraudulent conduct, the report sets out this summary:

"6. I find that there was no illegal or fraudulent common law entry on the part of the defendant bank to foreclose its mortgage and there was no malicious, wilful, fraudulent or illegal foreclosure of the said mortgage by the defendant bank.

"7. That the defendant bank made a common law entry to foreclose its mortgage and further foreclosed the same under the power of sale contained in said mortgage for breach of existing conditions at the time of said entry and foreclosure, and in all matters relating thereto strictly complied with all laws governing the same in every respect.

"8. That the defendant bank has given credit to the plaintiff for whatever it has received which should properly be credited to her account."

The plaintiff's claim against the defendant Strauch is disposed of by the finding:

"10. That the defendant Strauch on January 16, 1905, obtained the legal title to the premises foreclosed by the defendant bank, by good and sufficient deed and is not obliged to render any accounting to the plaintiff as prayed for in the bill."

It may be added that the plaintiff had no constitutional right to have issues framed for a jury; and manifestly there was no abuse of discretion in the denial of her application. *Culbert* v. *Hall,* 181 Mass. 24.

It would serve no useful purpose to discuss in more detail the voluminous and involved pleadings and brief of the plaintiff. The complete answer to her much litigated claim, and one which is conclusive in the absence of the evidence, is found in the final summarized statement of the master: "12. I find that the plaintiff has failed to substantiate any of the material allegations set forth in the bill."

*Decree affirmed, with costs.*