MASON HALE *v.* E. E. McGINLEY *et al.*

(No. 8677)

Submitted January 18, 1938.   Decided February 1, 1938.

*S. H. Sharp* and *J. L. Dillow,* for plaintiffs in error.

*Walter G. Burton* and *Sanders & Day,* for defendant in error.

HATCHER, JUDGE:

The plaintiff labored for defendants, who were in the timber business.   They were not subscribers to the Workmen's Compensation Fund.   In the course of plaintiff's employment, his hand was painfully cut and per-

manently injured by an axe wielded by Charles Frazier, a fellow workman. For that injury, plaintiff recovered a judgment of $1500.00.

There were no eye witnesses of the accident besides plaintiff and Frazier, and their accounts differ. Plaintiff testified that he was uncovering the root of a walnut stump with a mattock; that as he raised the mattock, the axe struck his hand; and that the last time he had noticed Frazier before the accident, he was about ten feet distant. Frazier testified that he was chopping a root on the opposite side of the stump from plaintiff.; and that he did not know of plaintiff's approach until his hand came between the descending axe and the root. Further detail seems unnecessary since the conflict in statements was essentially a jury question. Defendants charge, however, that the submission to the jury was not fairly made, inasmuch as an instruction given at plaintiff's request assumed that Frazier was negligent. The alleged assumption is contained in the following lines: "The court instructs the jury that if you believe from the evidence in this case that the plaintiff's injuries were caused by the negligence of Charlie Frazier in striking the plaintiff on the hand with an axe * * *." This premise is inept, but the trial court's attention was never directed to it specifically, only a general objection being made to the instruction. Plaintiff invokes Rule VI (e) of Rules of Practice and Procedure for Trial Courts in West Virginia, which provides as to instructions, "specific grounds of objection only will be considered." This rule is given statutory effect by Acts 1935, Chapter 37. In applying a similar rule, the Supreme Court of Oregon said: "Merely to object, without giving any reason * * * does not present any question for review in this court." *Brosnan* v. *Boggs,* 101 Ore. 472, 198 P. 890, 892. Accord: *Kelly* v. *Cohen,* 152 Wash. 1, 277 P. 74; *McCarthy* v. *Bank,* 234 Mass. 512, 125 N. E. 687, 688. Other instructions given did inform the jury that it could not presume negligence on the part of Frazier, and that plaintiff could not recover unless the evidence disclosed affirmatively that Frazier was negligent, and his negligence was the proximate cause of the accident. We do

not say that extreme circumstances might not justify a relaxation of the rule; but if so, they do not exist here.

Defendants also contend that the verdict is excessive. Plaintiff's attending physician testified without contradiction that the axe had gone entirely through plaintiff's hand, cutting the third leader and the carpal bone of the middle finger, and both tendons of the forefinger; that the wound required two separate operations, was "very painful", and has stiffened the two fingers permanently. The severity of these injuries discountenances the thought that passion or prejudice is implicit in the verdict.

The judgment is affirmed.

*Affirmed.*