J. R. SAUNDERS *v.* ADAM I. MCCOWN *et al.*

(No. 8711)

Submitted May 17, 1938.    Decided June 21, 1938.

*M. O. Litz* and *H. D. Rollins,* for plaintiff in error.

*Lillian S. Robertson, E. E. Robertson* and *Kay, Casto & Amos,* for defendants in error.

MAXWELL, PRESIDENT:

This is an action for damages for personal injury. To a judgment of *nil capiat* on verdict the plaintiff prosecutes writ of error.

In the City of Charleston on July 24, 1936, J. R. Saunders, plaintiff, expressly employed for the purpose by Adam I. McCown, was engaged in making repairs on

the outside of a house owned by the latter and Margaret McCown, his wife.

The particular work involved was the repair of a strip of molding under the eaves of the front of a two-story house. In order that the molding might be reached for purposes of repair, a scaffold was erected. Soon after its completion, while the plaintiff and George McCown, brother of Adam, were on the scaffold, it collapsed and precipitated them to the ground, seriously injuring the plaintiff.

The plaintiff takes the position that the defendants were negligent in that they did not provide him with a reasonably safe place to work, and that his injury resulted from such negligence. The defendants counter that the plaintiff contracted to build his own scaffold from materials furnished by Adam McCown, and to repair the molding; that the defendants exercised no supervision over the construction of the scaffold, and that the plaintiff's injury came about because of his own negligence.

The scaffold fell because the weight of the scaffold and the men thereon caused the pulling out from an upper porch column of a nail which fastened one of the jacks or brackets of the scaffold whereon were laid the boards on which the men stood.

Indicative of the divergence of the testimony between the plaintiff and Adam McCown, it is noted that the plaintiff testified that he is not a carpenter nor experienced in carpenter work; that for several weeks prior to the accident he had been employed by the McCowns to do odd jobs at twenty-five cents per hour; that the reason there was only one nail driven in the top of each jack to fasten it to a porch column was the fact that Adam McCown had directed plaintiff not to insert more nails because they would split the boards. Adam testified that he considered the plaintiff a carpenter. He denied that he had anything to do with nailing the jacks and said that there were plenty of nails available at the

job, and if plaintiff did not use sufficient nails it was because of his own exercise of judgment.

Clearly there is presented a factual issue for jury determination, but the plaintiff insists that because of instructions Numbers Four, Seven and Ten tendered by the defendants and read by the court to the jury, the issues were not fairly submitted to the triers of fact.

By instruction Number Ten, the jury was informed that if they believed from the evidence that Adam Mc-Cown furnished the plaintiff suitable and sufficient material for the construction of a safe scaffold and that the erection thereof was left to the plaintiff, the latter, under such circumstances, assumed the risk, and if the scaffold thereafter fell because of the manner of construction, there would be no liability on the defendant for the plaintiff's resultant injuries. This instruction, we think, fairly presents the theory of the defense, and could not properly have been rejected by the court, even if there had been specific objection thereto, which there was not.

The jury was told by instruction Number Four that the plaintiff could not recover if they believed from a preponderance of the evidence that the defect, if any, in the scaffold "was not apparent and could not have been discovered by a person exercising ordinary care." The plaintiff insists that this proposition is not correct because the defendant was not excusable merely because of latency of defect in the scaffold, if, as plaintiff testified, the scaffold was constructed with the assistance and under explicit instructions and directions of the defendant, Adam McCown.

Through instruction Number Seven the court told the jury that the plaintiff could not recover unless the jury believed from a preponderance of the evidence "that the scaffold was constructed by the defendant and that the defendant was negligent in the construction of the scaffold." The plaintiff urges that this restriction is too narrow and is misleading; that there was no contention by the plaintiff that the defendant personally constructed

the scaffold, but that he participated in the construction and dictated the manner thereof.

The objections to these instructions were general merely. Thereby there was failure of compliance with Rule VI (e). of Rules of Practice and Procedure for Trial Courts of West Virginia, effective April 10, 1936. 116 W. Va. lxii. The pertinent portion of the rule reads: "Objections, if any, to each instruction shall be made when the same is offered; specific grounds of objection only will be considered." The jury trial under review took place February 15, 1937. Counsel for the plaintiff insist that the rule should be interpreted as permitting an instruction inherently wrong to be challenged by general objection, and that there should not be required in such circumstances a specific objection. Among cases cited in support of that position are *Arkebauer* v. *Falcon Zinc Company*, 178 Ark. 943, 12 S. W. (2d) 916; *Snyder* v. *Viola Mining & Smelting Company*, 3 Idaho Hasb., 28, 26 Pac. 127. These cases and others cited by counsel do not disclose the rules of the respective jurisdictions as to the specification of objections to instructions tendered at a trial. The similarity or dissimilarity of such rules to ours does not appear.

General rules sometimes work hardships. The application of the rule in question is not in every instance free from difficulty, because counsel at a trial may not always at the moment perceive specifically the errors in the instructions tendered by the opposition. Experienced counsel will sometimes, as here, fail to detect such defects. That does not argue, however, that the rule should be so relaxed as to render it practically meaningless. In the concurrently decided case of *McCune* v. *Crawley Transportation Company*, 120 W. Va. 301, 198 S. E. 516, the rule here under discussion was drawn in question. We held that the specific objection made at the trial that the instruction did not fit the facts was sufficient compliance with the rule, determination being reached by the court that the instruction was in fact bad for that reason. Where there is specification of objec-

tions to an instruction, there may be reasonable liberality of interpretation of the scope of the objection, but where there is no particularization of objection to an instruction when tendered by an opponent at a trial, supposed defects cannot later be pointed out as grounds for reversal in the appellate court, unless possibly some extreme situation might justify a degree of relaxation. See opinion *Hale* v. *McGinley, infra.*

"Rule VI (e), Rules of Practice and Procedure for Trial Courts in West Virginia, sanctions the consideration of only specific objections to instructions. * * * A general objection to an instruction will not subject it to judicial scrutiny." *Hale* v. *McGinley,* 119 W. Va. 565, 195 S. E. 201.

Thus ascertaining that the matter of alleged error in defendant's instructions is a foreclosed matter, and perceiving no other error in the record, we affirm the judgment.

*Affirmed.*