## STATE OF WEST VIRGINIA *v.* MATTIE GOINS

### (No. 8796)

Submitted October 18, 1938. Decided November 15, 1938.

*L. C. Musgrave* and *A. R. Putnam,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, *Kenneth E. Hines,* Assistant Attorney General, and *Marlyn E. Lugar,* Special Assistant Attorney General, for the State.

KENNA, JUDGE:

Mattie Goins was convicted of murder in the first degree without the jury including in its verdict a finding that she be sentenced to the penitentiary. The Criminal Court of Marion County on February 4, 1938, after motions to set aside the verdict and in arrest of judgment had been overruled, sentenced the defendant to be hanged. This writ of error is responsive to the application of the accused.

Robert Mitchell, whom the defendant fatally injured early in the morning of January 1, 1938, and defendant had known each other rather intimately for several years. On December 27, 1937, Robert Mitchell married another woman. Less than five days thereafter, Mattie Goins inflicted upon him the injuries from which he died January 2, 1938.

We have found no reversible error in connection with the rejection or admission of testimony, or the giving or the refusal of offered instructions. We consider it nonessential to recount the details of the assault which the defendant committed upon Mitchell. Her alleged justification was self-defense and there is much conflicting testimony. Evidently the jury gave credence to the state's witnesses.

Several days before the accused's plea of not guilty was entered, she had pleaded guilty in the presence of at least ten of the jurors on the panel when the trial jury was selected. Of course, her plea of guilty should have been, by order, entered of record, but it was not. The only way that it appears upon this record is by the indirect proof of making certain questions propounded to the panel by the trial judge a part of this record by a bill of exceptions and by defendant's affidavit. The bill of exceptions covering this procedure shows that ten of the jurors on the panel of twenty by arising in their places answered in the affirmative a question asked by the court, the answer disclosing that they had been present "one day last week" when the defendant entered a plea of guilty. This plea not having been made a part of the record, the defendant filed her affidavit revealing a part of the court procedure which the record itself did not disclose.

The trial court, having permitted the defendant to plead guilty after hearing the indictment read to her, but having assigned no counsel to advise her, thereafter, on motion of the state, struck out the plea of guilty and had the record show the defendant's plea of not guilty. The trial court, on the same occasion, assigned counsel to the defendant. On what date this was done does not appear from the record, but she was tried January 24th, which was Monday, and the trial court referred to this circumstance as having occurred "one day last week."

In impaneling and selecting the jury to try the defendant the trial court propounded to the panel of twenty, ten of whom had stated that they were present when the defendant had pleaded guilty, the question of whether or not that fact would influence them in any way in arriving at their verdict. The record discloses no response to this question. The defendant moved to continue the case against her and to discharge the panel because eleven of those thereon had heard her enter her plea of guilty. This motion was overruled, though it is obvious that the course taken by the trial court informed the entire panel

of twenty men that the defendant before that time, and at the same term of court, had unqualifiedly pleaded guilty to the charge of murder, which plea the court thereafter, on motion of the state, required to be withdrawn. This is assigned as error.

Section 14 of Article III of our Constitution provides, referring to trials of crimes and misdemeanors, that "In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and confronted with the witnesses against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defense; * * * ." Under the Rules of Practice promulgated by this Court (116 W. Va. lxi), trial courts are required, after indictments have been returned, to assign counsel to accused who have no means to employ counsel. This record discloses that neither of these provisions was complied with when the accused entered her plea of guilty, and furthermore, that after counsel was assigned and her plea of guilty was rejected, she was placed upon trial for murder in less than a week. The trial court, recognizing the error in having permitted accused to plead guilty without assigning her an attorney to advise her, went through the formal requirements. Overruling the motion of defendant's attorneys that the case be continued until a fair and impartial jury could be impaneled, no motion having been based upon the short time allowed for the preparation of her defense, raises no question apart from that of allowing jurors to remain upon the panel who had heard the defendant admit her guilt. Even though these jurors had declared themselves unbiased and free from prejudice, which they did not do, we are of the opinion that this would have constituted prejudicial error, though the attorneys for the defendant on *voir dire* could very well have clarified the question by challenging the individual members of the panel for cause.

The plaintiff in error assigns the admission by the trial court of certain photographs of the house in which Mitchell was wounded, of Mitchell's head and wounds,

and of the room wherein he was found, making particularly conspicuous the spots of blood upon the mattress, the bedclothing and the pillows, as having constituted error. Photographs are admissible only for the purpose of clarifying or substantiating a witness' testimony, and the trial judge is invested with a very broad discretion in passing upon their relevancy. There can be no doubt that with respect to all of the photographs shown in this record there was no abuse of the trial court's discretion with the single exception of "State's Exhibit No. 3." This exhibit was introduced by Alice Brooks, one of the state's witnesses, as correctly portraying the room in which Mitchell was found. Introduced for this purpose, the exhibit displays prominently the bed upon which the deceased was found, and from the testimony of the witness it appears that the bedclothing had been re-arranged since she last saw the bed. The blood stains upon the mattress, the bedclothing and the pillows stand out impressively in the photograph. However, the photographer by whom this picture was identified, was not examined respecting the condition of the bed or to what extent it was re-arranged before he took the photograph. While we are of the opinion that the use for which "State Exhibit No. 3" was introduced should have been greatly enlarged and clarified, and that the re-arrangement of the bedclothing, pillows and mattress might have been the basis of a motion to strike the photograph from the record for the stated purpose of its introduction, we do not believe that the trial court's discretion is shown by this record to have been abused. Jones on Evidence, Vol. 4, pp. 3210, 3214 and 3215.

Concerning the assignment of the failure of the trial court to instruct the jury that it was its duty to find, in the event of a verdict of guilty of murder in the first degree, whether the accused should be hanged or sentenced to the penitentiary for life, there can be no question but that this constitutes reversible error. Without suggestion or request, this is the trial court's duty. This Court, in *State* v. *Chaney*, 117 W. Va. 605, 186 S. E. 607,

emphatically so held. It does not appear from the record before us in this case that the trial court had its attention directed to this duty, but that fact does not correct the error.

We have examined the instructions which the court gave, as well as those which were refused. There were no specific objections to the instructions which were given (Rules of Practice, Rule VI, par. (e), 116 W. Va. lxiii), and we do not think that the instructions which were refused correctly propounded the legal principles that they were intended to deal with, excepting defendant's instruction number twenty-three which is based upon the assumption that the defendant's testimony upon the question involved was true. This also was correctly refused.

The error assigned to the court's permitting Dr. Rader to respond to the query as to whether the deceased was asleep or awake when he received his wounds we think is not well taken. After having said that he could not be definite his answer was, after the court had impliedly ruled the reply admissible, that he would estimate the deceased was asleep or unconscious from alcohol at the time he was hit. His explanation of his answer was that he reached his estimate by smelling alcohol upon Mitchell's breath when he first attended him. We do not regard this as reversible error. The question was not hypothetical. It was based upon the circumstances which had accompanied the doctor's examination of the decedent and all that the doctor had then observed. This constitutes a justifiable basis for a physician's expert opinion which is admissible evidence even though it may be expressed, as it was by Dr. Rader, in very doubtful terms.

For the foregoing reasons, the judgments of the Circuit Court of Marion County and of the Criminal Court of that county are reversed, the verdict set aside, and the case remanded for a new trial.

*Reversed and remanded.*