STATE OF WEST VIRGINIA *v.* BERNARD BELCHER

(No. 8849)

Submitted February 7, 1939. Decided March 21, 1939.

*J. Raymond Gordon,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

KENNA, JUDGE:

Bernard Belcher was indicted together with George A. Tyree and Leon Steele in the Intermediate Court of Kanawha County for having violated the provisions of Code, 61-3-12, by breaking and entering a store room of Frank

A. Cunningham on West Washington Street in the City of Charleston in August, 1937, with intent to commit larceny. At the time of Belcher's trial Steele, a nephew of Belcher, had been sentenced to a reformatory upon his plea of guilty, and Tyree was in a reformatory upon another charge. It was largely upon their testimony that Belcher was convicted. Belcher, who was eighteen years of age at the time of his trial, was sentenced to four years' confinement in the state penitentiary.

There are two grounds of assigned error: First, that it constituted error for the court to give state's instruction number one; and second, that it was error to overrule the defendant's motion to set aside the verdict and award a new trial because of the insufficiency of the prosecution's evidence.

We are of the opinion that the state's proof is adequate. From it the jury would have been justified in finding as follows: the three young men were on terms of comparative intimacy and they met on Reynolds Street in "East Charleston" at the Reynolds Street showground at approximately nine o'clock in the evening: there they remained until in the neighborhood of midnight, at which time they together decided to cross Elk River, break into a store room and take therefrom "beer or just anything"; they crossed the river upon the Washington Street bridge, and continued westward on Washington Street until they reached Watts Street, where they turned to the right, or north, going in that direction until they reached the tracks of the New York Central Railroad, upon which they turned west and continued until they were near the oblique intersection of West Washington Street and the New York Central right of way; at this point, they observed a barrel sitting under an open transom in a backdoor entrance of the triangular shaped store room of Cunningham, and the proof is clearly indicative that they at once reached the joint conclusion that entering Cunningham's store room would be a comparatively simple way of following out the plan formulated when they were together on Reynolds Street. A box was placed

upon the barrel and Tyree was assisted to climb upon it and go through the transom. According to Tyree's testimony, he intended to hand out through the window to the other two, beer or whatever else he found in the store room. The approach of a night watchman alarmed Belcher and Steele, who left without entering, and resulted in officers going into the store room and placing Tyree under arrest. Belcher and Steele were thereafter arrested.

It is pointed out by attorneys for the defendant that the state has been unable to show that there was any verbal understanding and agreement that the three defendants should break and enter Cunningham's store room. We do not think this is required. When the commission of a felony is being undertaken with the consequence that some offense not anticipated nor intended arises out of the effort to carry out the original plan the criminal intent is attributable to the unintended conduct of the accused. *State* v. *Wisman,* 93 W. Va. 183, 116 S. E. 698; 1 Brill, Cyc. of Crim. Law, sec. 508. The rule is applicable to accomplices or to those guilty as principals in the second degree. The three defendants were admittedly in West Charleston for the purpose of committing a felony. It is unnecessary for the state to show that there was detailed conformity of the three minds upon the course to be pursued. The practical result of such a rule would be to render the conviction of accomplices extremely unlikely, if not impossible.

The instruction which it is contended by plaintiff in error misled the jury reads as follows:

> "The Court instructs the jury that if you believe from the evidence in this case beyond all reasonable doubt, that George Tyree either broke into and entered or entered without breaking the storeroom of Frank Cunningham, and that at the time he, the said George Tyree entered the said storeroom, the defendant, Bernard Belcher was present, aiding and assisting the said George Tyree to do and commit the said entering or was

acting as a lookout, and that the said breaking and entering or entering without breaking was a concerted action upon the part of George Tyree, Leon Steele and Bernard Belcher for the purpose of taking away beer or any other property found in the said store room, then you should find the defendant, Bernard Belcher, guilty as charged in the indictment, even though you may further find that the said Bernard Belcher did not actually assist Tyree in entering, and did not himself enter the said store room."

We are of the opinion that the giving of this instruction constituted prejudicial error and likely resulted in the jury being misled for two reasons: First, because in order to constitute the felony defined by Code, 61-3-12, it is necessary that the breaking be for the purpose of committing a felony or any larceny. The state's instruction directs the jury to return a verdict of guilty against the defendant Belcher provided the entering was "for the purpose of taking away beer or any other property found in said store room." This language is not sufficient to describe either a felony or a larceny, even though the felony or larceny need not be described with the same technical accuracy as in an indictment for those offenses. It does not seem to us that it is necessary to cite authority to sustain this conclusion, because the stated purpose does not describe a larceny which is the removal of goods *belonging to another without the owner's consent* with the intent to deprive the owner of his property, and it is quite apparent that it does not mention a felony. Second, the instruction directs the jury to return a verdict of guilty if they find that at the time George Tyree entered the store room the defendant, Bernard Belcher, was present "aiding and assisting the said George Tyree to do and commit the said entering or was acting as a lookout," in spite of the fact that the jury "may further find that the said Bernard Belcher did not actually assist Tyree in entering." This language is susceptible of the construction that it directs a verdict of guilty to be returned if the jury should find that the defendant was

present assisting Tyree and the jury should also find that the defendant did not assist Tyree and did not enter the store room.

For the foregoing reasons, we are of the opinion that the judgments of the Circuit and the Intermediate Courts of Kanawha County should be reversed, the verdict of the jury set aside and the plaintiff in error awarded a new trial.

There is, however, obvious upon the face of the record a further question not mentioned in the brief of either the state or the plaintiff in error. There were no specific objections to the giving of the state's instruction complained of. Paragraph (e) of Rule VI of the Rules of Pleading, Practice and Procedure promulgated by this Court (116 W. Va. lxiii) dealing with instructions, provides that "specific grounds of objection only will be considered." Accepting the verbatim and strict construction of this rule, it is at all times applicable to both civil and criminal cases. This Court has heretofore held in a number of civil cases that it will not entertain an assignment of error based upon an allegedly·erroneous instruction unless the ground of objection was specifically called to the attention of the trial court. *Rice* v. *Builders Material Co.,* 120 W. Va. 585, 2 S. E. (2d) 527; *Horchler* v. *Van Zandt,* 120 W. Va. 452, 199 S. E. 65; *Saunders* v. *McCown,* 120 W. Va. 294, 198 S. E. 520; *Hale* v. *McGinley,* 119 W. Va. 565, 195 S. E. 201. Remembering the difference that exists between the duties of a trial judge in a .civil case and his duties in a criminal prosecution, we cannot help but be impressed with the convincing necessity of drawing a distinction between civil and felony cases in applying the rule in question. In a felony case, the trial judge should, if necessary, assume the initiative in order that the accused may receive a fair and impartial trial. *State* v. *Goins,* 120 W. Va. 605, 199 S. E. 873. In a civil proceeding, he is not required to do more than pass correctly upon the questions presented. Conforming this rule to the trial judge's well-understood duties, we are of the opinion that in a felony case the giving of an erroneous instruc-

tion prejudicial to the defendant may be taken advantage of upon writ of error in this Court, even though there have been no specific objections in the *nisi prius* court.

*Reversed and remanded.*

Fox, PRESIDENT, dissenting:

I respectfully dissent from the ruling of the majority in this case.

The evidence was such as to warrant the verdict of the jury. The instruction, the giving of which is made the basis of the court's ruling, was not specifically objected to, as required by paragraph (e) of Rule VI of the Rules of Pleading, Practice and Procedure, 116 W. Va. lxiii. It is held by the majority that this rule does not apply to criminal cases, and to this I cannot agree.

The rule in question reads as follows:

> "All instructions to juries shall be reduced to writing and a copy presented to opposing counsel at the conclusion of the evidence. The Court will instruct the jury prior to argument. Supplementary instructions may be given later. Objections, if any, to each instruction shall be made when the same is offered; specific grounds of objection only will be considered."

I see nothing in the language employed to justify the holding that its application is limited to civil cases, and so long as the rule is allowed to exist, it should be applied to all cases tried before a jury. While we have applied the rule with strictness in civil cases, we have recognized that in extreme cases its rigidity should be relaxed to avoid injustice. *Hale* v. *McGinley,* 119 W. Va. 565, 195 S. E. 201; *Saunders* v. *McCown,* 120 W. Va. 294, 198 S. E. 520. In *Montgomery* v. *C. & P. Tel. Co.,* a civil case decided at this term, 121 W. Va. 163, 3 S. E. (2d) 58, the majority held that where a specific objection to an instruction had been made, this court would not consider an additional and different objection made for the first time in this court. We thus have a rigid, and, as I

view it, an extreme application of the rule in one class of cases, and a definite refusal to apply it in another. I think the rule should be applied in all cases under the liberality suggested in the *Hale* and *Saunders* cases, *supra,* and in keeping with the dissenting opinion in the *Montgomery* case, and I concede that even greater liberality would be justified in a criminal case.

I would affirm the judgment of the court below, and I am authorized to state that Judge Hatcher concurs in this dissent.