# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0441** (Marion County 17-F-24)

**Robert Jack Bohigian,**
**Defendant Below, Petitioner**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Jack Bohigian, by counsel David M. Grunau, appeals the Circuit Court of Jackson County's April 17, 2018, order sentencing him to an indeterminate term of one to ten years of incarceration, suspended for three years of probation, following his conviction of entry of a building other than a dwelling in violation of West Virginia Code § 61-3-12.[1] Respondent State of West Virginia, by counsel Elizabeth Davis Grant, filed a response. On appeal, petitioner asserts that the circuit court erred in denying his motion to set aside the verdict and grant a new trial when

---

[1]In relevant part, West Virginia Code § 61-3-12 sets forth that

[i]f any person shall, at any time, break and enter, or shall enter without breaking, any office, shop, storehouse, warehouse, banking house, or any house or building, other than a dwelling house or outhouse adjoining thereto or occupied therewith, any railroad or traction car, propelled by steam, electricity or otherwise, any steamboat or other boat or vessel, or any commercial, industrial or public utility property enclosed by a fence, wall, or other structure erected with the intent of the property owner of protecting or securing the area within and its contents from unauthorized persons, within the jurisdiction of any county in this state, with intent to commit a felony or any larceny, he or she shall be deemed guilty of a felony and, upon conviction, shall be confined in a state correctional facility not less than one nor more than 10 years. And if any person shall, at any time, break and enter, or shall enter without breaking, any automobile, motorcar, or bus, with like intent, within the jurisdiction of any county in this state, he or she shall be guilty of a misdemeanor and, upon conviction, shall be confined in jail not less than two nor more than 12 months and be fined not exceeding $100.

1

there was insufficient evidence to support his conviction and when the jury instructions were inadequate.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and Rehana Kaukab entered into an agreement whereby petitioner agreed to help Ms. Kaukab sell her deceased brother's building that previously housed his medical practice. At some point, Ms. Kaukab entered the building and discovered several items missing, including a dining table, an exam table, a sink, a toilet, and a bathtub. In the ensuing investigation, the items were discovered in petitioner's possession. In February of 2017, petitioner was indicted on one count of entry of a building other than a dwelling and one count of grand larceny.[2]

Petitioner's trial commenced in January of 2018. The State presented the testimony of four witnesses. Officer Alexander Eakle of the Fairmont Police Department testified that he responded to the office building following a report of breaking and entering. Officer Eakle stated that he spoke to Ms. Kaukab at the scene and noted that there was a communication barrier due to the fact that English was not Ms. Kaukab's first language. Nevertheless, Officer Eakle was able to determine that the office "had been broken into and multiple items were taken from it." In the course of his investigation, Officer Eakle met with petitioner, who explained that he owned and operated a business wherein he would "go in and take down homes or other structures that people did not want and sell the items or the property." While at petitioner's place of business, Officer Eakle observed several of the items Ms. Kaukab reported stolen from her building.[3]

The State also presented the testimony of Misti and Jason Barr, former employees of petitioner. Ms. Barr testified that part of her job duties included taking pictures of items petitioner was selling and posting those items on eBay. During her employment, Ms. Barr became familiar with Ms. Kaukab's office building. Ms. Barr testified that petitioner told her that Ms. Kaukab "told him to clear the building and get it prepared to sell." Petitioner directed the Barrs to remove the

---

[2]West Virginia Code § 61-3-13(a) provides

> [i]f a person commits simple larceny of goods or chattels of the value of one thousand dollars or more, such person is guilty of a felony, designated grand larceny, and, upon conviction thereof, shall be imprisoned in the penitentiary not less than one nor more than ten years, or, in the discretion of the court, be confined in jail not more than one year and shall be fined not more than two thousand five hundred dollars.

[3]The State attempted to establish the monetary value of the items through Officer Eakle's testimony. However, because Officer Eakle based his estimate of the items from looking at "auction site[s] and eBay," the circuit court held that the State failed to establish a proper foundation regarding the value of the items and deemed the testimony inadmissible.

dining table, exam table, sink, toilet, and bathtub from the building for the purpose of selling the items on eBay. Ms. Barr testified that Ms. Kaukab was never present at the building while they were working and noted that petitioner had commented that he intended to "keep [Ms. Kaukab] away from there." Lastly, Ms. Barr testified that petitioner instructed her to list the item's prices as follows: $400 for the toilet, $500-$600 for the exam table, $600 for the bathtub, and $800 for the dining table.

Ms. Kaukab testified that she engaged petitioner to sell her deceased brother's office building around 2015. The parties did not enter a written contract, but Ms. Kaukab testified that she never gave petitioner permission to remove any items from the building. Ms. Kaukab identified the items found in petitioner's possession as the items that had been removed from her building.

Following the testimony of the State's witnesses, petitioner moved to dismiss the grand larceny charge, arguing that the State had not met its burden of showing the value of the items taken exceeded $1,000. The circuit court denied petitioner's motion, finding that Ms. Barr's testimony regarding the value petitioner had assigned to the items was sufficient. Petitioner then testified on his own behalf, stating that he did have the items removed from the building. However, petitioner denied intending to sell the items. Rather, petitioner stated that he directed the Barrs to remove the items "because the floors in the building were only supported by the carpeting" and that the items had to be removed before they collapsed into the basement.

After deliberations, the jury found petitioner guilty of entry of a building other than a dwelling, but acquitted him of the grand larceny charge. Following trial, petitioner moved the circuit court to either set aside the verdict or grant him a new trial, arguing that there was not sufficient evidence presented to support the requisite criminal intent, that the circuit court erred by allowing the jury to consider the grand larceny count, and that petitioner's trial counsel was ineffective. The circuit court heard argument on petitioner's motion on March 2, 2018, but ultimately denied the motion. At the sentencing hearing, petitioner was sentenced to not less than one nor more than ten years of incarceration for his entry of a building other than a dwelling conviction. However, the circuit court suspended his sentenced and placed petitioner on probation for three years. It is from the April 17, 2018, sentencing order that petitioner appeals.

We have previously held as follows:

"In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 2, *State v. Bruffey*, 207 W. Va. 267, 531 S.E.2d 332 (2000).

On appeal, petitioner argues that the circuit court erred in denying his post-trial motion to set aside the jury verdict or his motion for a new trial when there was insufficient evidence to support the verdict. Petitioner argues that the State must have failed to prove that he had the intent

3

to commit grand larceny given that the jury acquitted him of that charge. Therefore, the circuit court erred in not setting aside the jury's verdict on the other charge or granting him a new trial as that charge was based upon his intent to commit grand larceny. In support, petitioner argues that the State presented no credible evidence on the issue of intent. Specifically, he contends that neither Ms. Kaukab, Ms. Barr, nor Officer Eakle testified to petitioner's intent when he entered the building to remove the items and, therefore, the State was unable to prove he had the intent to commit grand larceny in the context of the charged crime of entry of a building other than a dwelling. Lastly, petitioner argues that the circuit court erred in failing to provide jury instructions including the definition of the term "larceny." According to petitioner, the jury convicted him of the entry of a building other than a dwelling charge on a lesser larceny given his belief that it found he lacked the requisite intent to commit grand larceny when he entered the building. Based on the foregoing, petitioner concludes that the circuit court erred in refusing to set aside his verdict or grant him a new trial when there was insufficient evidence to support his conviction. Having reviewed the record, we find no merit in petitioner's arguments.

First, this Court finds no merit to petitioner's arguments that the circuit court erred in omitting an instruction on the underlying crime of "any larceny."[4] In regard to these assignments of error, it is important to note that petitioner did not object to the jury instructions given below.

---

[4]In support of this particular argument, petitioner relies upon *State v. Belcher*, 121 W. Va. 170, 2 S.E.2d 257 (1939). In *Belcher*, this Court set aside the jury's verdict and granted the defendant a new trial based upon insufficient jury instructions regarding the crime of entry of a building other than a dwelling under West Virginia Code § 61-3-12. The Court determined that the jury instructions were erroneous for two reasons. First, under the facts of that case, the jury instruction was insufficient in describing a felony or larceny. However, the Court made clear that "the felony or larceny need not be described with the same technical accuracy as in an indictment for those offenses." *Belcher*, 121 W. Va. at 173, 2 S.E.2d at 259. This error was compounded by another significant defect in the instruction, that being the

> language [of the instruction] is susceptible of the construction that it directs a verdict of guilty to be returned if the jury should find that the defendant was present assisting [a co-defendant] and the jury should also find that the defendant did not assist [the co-defendant] and did not enter the store room.

*Id*. Given the facts of the case, we find that *Belcher* is not controlling. Contrary to petitioner's claims, *Belcher* does not stand for the proposition that jury instructions for either a "felony or any larceny" must be given, nor does any reference to the felony or larceny need to be described with "technical accuracy." Also, we reversed the trial court in *Belcher* upon the instruction's susceptibility to multiple interpretations, a fact which is absent from the case at bar. Here, the State's theory of the entry of a building other than a dwelling charge was predicated upon petitioner's intent to commit grand larceny. Because petitioner was also charged with grand larceny, the jury received an appropriate instruction regarding that crime. As such, it is clear that grand larceny was described with the same, if not more, "technical accuracy as in an indictment." For reasons more fully set forth above, we find that the jury instructions in this case were sufficient and that no error occurred in omitting an instruction of "any larceny," a crime which has no relevance to the facts of this case.

4

As such, pursuant to Rule 30 of the West Virginia Rules of Criminal Procedure, this Court will apply a plain-error analysis to these assignments of error. We have previously held that

> "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 7, *State v. Greenfield*, 237 W. Va. 740, 791 S.E.2d 403 (2016). Further, we have held that "this Court will not ordinarily recognize plain error [in the giving of an erroneous instruction (in the absence of a proper and timely objection at trial)], even of constitutional magnitude, where the giving of the erroneous instruction did not substantially impair the truth-finding function of the trial." Syl. Pt. 2, in part, *State v. Hutchinson*, 176 W. Va. 172, 342 S.E.2d 138 (1986). We have also held that

> "[a]n instruction for a statutory offense is sufficient if it adopts and follows the language of the statute, or uses substantially equivalent language and plainly informs the jury of the particular offense for which the defendant is charged." Syllabus Point 8, *State v. Slie*, 158 W.Va. 672, 213 S.E.2d 109 (1975).

Syl. Pt. 10, *State v. Slater*, 222 W. Va. 499, 665 S.E.2d 674 (2008). In this case, the circuit court's instruction to the jury on entry of a building other than a dwelling materially followed the language from West Virginia Code § 61-3-12, which states, in relevant part, that a person is guilty of entry of a building other than a dwelling if the "person shall, at any time, break and enter, or shall enter without breaking, any office . . . or building, other than a dwelling house . . . with intent to commit a felony or any larceny." Here, the circuit court charged the jury that to find petitioner guilty of entry of a building other than a dwelling, it must find that

1. The defendant, Robert Jack Bohigian;
2. On, about or between the 1st day of January, 2016, and the 4th day of April, 2016;
3. In Marion County, West Virginia;
4. Did feloniously enter without breaking;
5. Into Saheed Ahmad doctor's office, located on Brookside Drive, Fairmont, West Virginia;
6. Which was not a dwelling house or outhouse adjoining thereto or occupied therewith;
7. Owned by Rehana Kaukab;
8. With the intent to commit a felony or any larceny.

As such, it is clear that the circuit court did not err in instructing the jury in this manner, let alone commit plain error that warrants reversal of petitioner's conviction.

We likewise find that the circuit court did not err in denying petitioner's motions based upon his claims of insufficient evidence. Regarding a claim that the evidence at trial was insufficient to convict, this Court has stated that

5

[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). Further,

[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, syl. pt. 3, in part.

Here, no conviction of grand larceny was necessary for the jury to find petitioner guilty of entry of a building other than a dwelling. The State only needed to prove that petitioner had the intent to commit a felony when he entered the building. *See State v. Johnson*, 179 W. Va. 619, 631, 371 S.E.2d 340, 352 (1988) ("The breaking and entering statute, W.Va.Code, 61-3-12, under which the defendant was indicted generally requires a breaking and entering or entry without breaking of a store or other building with the intent to commit a felony or any larceny therein. This statute does not require proof of an actual larceny or other felony."). Reviewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence for the jury to find that petitioner had the requisite intent when he entered Ms. Kaukab's building and removed the items. The record demonstrates that Ms. Kaukab reported the items stolen from the building and later testified that she had not given petitioner permission to remove any items. Additionally, Ms. Barr testified that petitioner instructed her to remove the items from Ms. Kaukab's building and list them on eBay. Ms. Barr stated that petitioner informed her of his intent to keep Ms. Kaukab away from the building during the times they were working. Officer Eakle testified that Ms. Kaukab reported several items stolen and that those items were found in petitioner's possession. While petitioner testified that he removed the items in order to protect the floors of the building, he had no intent to sell the items, and that a communication barrier existed, the jury was able to consider this testimony and weighed it accordingly. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997*)* ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.)" Based on the foregoing, we find that the evidence presented was sufficient for the jury to find that petitioner had the intent

to commit grand larceny when he entered Ms. Kaukab's building, and its decision to acquit petitioner of the grand larceny charge has no bearing on the validity of his conviction of the other crime charged. Therefore, the circuit court did not err in denying petitioner's motions.

For the foregoing reasons, we affirm the circuit court's April 17, 2018, sentencing order.

Affirmed.

**ISSUED:** November 8, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison